IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY JOE JIMENEZ,

    Petitioner,

v.                                        No. CV 13-0498 JH/RHS

DON REID, DISTRICT ATTORNEY,
STATE OF NEW MEXICO,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 1(b), 4, and 11(a) of the Rules Governing Section 2254 Cases, on Petitioner's Petition for Writ of Habeas Corpus. Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP"). The Court will grant the IFP motion and dismiss the petition for lack of jurisdiction.

In 1992, Petitioner filed a petition under 28 U.S.C. § 2254. *See Jimenez v. Thomas*, No. CV 92-0811 MV/JHG. The Court has reviewed the file in the prior proceeding. The § 2254 petition in the 1992 proceeding (No. CV 92-0811 MV/JHG, Docs. 1, 2) attacked the same state court criminal conviction that is the object of the instant petition. The Court dismissed the prior petition with prejudice (No. CV 92-0811 MV/JHG, Docs. 29, 31), and the Court of Appeals for the Tenth Circuit affirmed the dismissal (No. CV 92-0811 MV/JHG, Doc. 43).

Under 28 U.S.C. § 2244(b)(3), before a Petitioner may file or prosecute a second or successive petition, an order authorizing the filing must be issued by the appropriate court of appeals. The instant § 2254 petition is not Petitioner's first and is not accompanied by an

authorizing order. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current petition is Petitioner's second and is not accompanied by an authorizing order.

The Court of Appeals for the Tenth Circuit has noted several factors that a district court should consider in determining whether to transfer or dismiss a petition. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *Cline*, 531 F.3d at 1252 (weighing *Trujillo* factors before transferring second § 2255 motion). The first of these factors is whether a new petition would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Petitioner's conviction became final over twenty years ago in 1992, and his pending claims are clearly barred by the one-year limitations period for § 2254 petitions.

Another factor is whether Petitioner's claims "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. Petitioner's new allegations are certainly voluminous. On review of the petition, however, the Court concludes that Petitioner is primarily asserting claims of insufficiency of the evidence. In Petitioner's previous § 2254 proceeding, this Court and the Court of Appeals rejected Petitioner's claims of insufficiency of the evidence. These claims in the new petition are thus *res judicata* and not likely to be meritorious. Third, in view of the analysis of the first two factors, the Court is not convinced that Petitioner filed his new petition in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Because the *Trujillo* factors weigh in favor of dismissal rather than transfer, and in the interest of justice, *see* § 1631, Petitioner's habeas corpus petition will be dismissed for

.

lack of jurisdiction. *See Cline*, 531 F.3d at 1252.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Petitioner has failed to make a substantial showing of denial of a constitutional right. A certificate of appealability will therefore be denied. *See Dulworth v. Jones*, 496 F.3d 1133, 1136 (10th Cir. 2007).

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE